Case 3:24-cv-00142   Document 11   Filed on 08/05/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 05, 2024
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

GALVESTON DIVISION

No. 3:24-cv-142

DILLON GOGGANS, *ET AL.*, PLAINTIFFS,

v.

JULIE MARIE WILHELMSEN, DEFENDANT.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE:

The plaintiffs have moved for remand. Dkt. 7. The court will grant the motion.

**A. Background**

Earlier this year, Julie Wilhelmsen crashed her car into a car driven by Dillon Goggans and also occupied by his wife Sara and their minor child. Dkt. 1-3 at 6. Wilhelmsen allegedly caused the crash by "ma[king] an unsafe turn and fail[ing] to yield the right of way at a stop sign." *Id.* The Gogganses sued Wilhelmsen in the 10th Judicial District Court of Galveston County. *Id.* at 5–9. In their state-court petition, the Gogganses stated that, "[p]ursuant

to Tex. R. Civ. P. 47(c)(1)," they were "seek[ing] monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties[,] and attorney fees and costs." *Id.* at 8. Invoking diversity jurisdiction, Wilhelmsen removed the case to this court. Dkt. 1 ¶¶ 6–7.

### B. Legal Standard

"In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal [diversity] jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

### C. Analysis

The Gogganses do not contest the existence of complete diversity, so the only issue here is whether the amount in controversy exceeds $75,000. In arguing that Wilhelmsen has failed to prove that it does, the Gogganses

never explicitly state that they are seeking $75,000 or less. *See* Dkt. 7. But they do represent that they "originally pleaded damages in excess of the jurisdictional threshold amount *solely* for purposes of complying with Texas Rule of Civil Procedure 47." *Id.* at 9 (emphasis added).[1] Citing an unpublished 2019 opinion written by another judge on this court, the Gogganses aver that Rule 47 "does not permit a specific amount to be pleaded in the original pleading." *Id.* at 4–5. Rule 47 provides that petitions shall contain "a statement that the party seeks," for example, "monetary relief of $250,000 or less," "over $250,000 but not more than $1,000,000," or "over $1,000,000." The Gogganses are correct that they pleaded the lowest of those damages brackets, but they overlook the Fifth Circuit's 2022 observation in *Durbois v. Deutsche Bank National Trust Co.* that "[n]othing in the plain text of [Rule 47] prevents a plaintiff from demanding damages up to but no higher than a stated amount" (e.g., $75,000). 37 F.4th 1053, 1059 (5th Cir. 2022).

Nevertheless, the court agrees with the Gogganses that Wilhelmsen has failed to prove by a preponderance of the evidence that the amount in

---

[1] And, for what it's worth, the Gogganses represent that "[i]f it is found that [Wilhelmsen]'s applicable [insurance-]policy limits do not exceed $75,000 once the declaration page is produced, [they] will amend their motion with this information since it determines the amount in controversy." Dkt. 7 at 8–9.

controversy exceeds $75,000. Wilhelmsen has not "set[] forth 'summary judgment type evidence' of facts in controversy that support a finding" that the amount in controversy exceeds $75,000. *Manguno*, 276 F.3d at 723. Nor is it "apparent from the face of the [Gogganses'] petition that the claims are likely to exceed $75,000." *Id.* The court notes first that, even if the total damages figure in controversy exceeds $75,000, "at least one named plaintiff in the action [must] satisf[y] the amount-in-controversy requirement" individually. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005). Second, as the Gogganses observe, their petition suggests that this is a "basic injury case," and their "actual allegations are of little specificity and provide no further information on the monetary value of their claims, such as details regarding the alleged injuries, or the type, extent, and cost of medical treatment incurred." Dkt. 7 at 7.[2]

---

[2] The petition alleges, with no specificity, damages from medical expenses, physical pain and suffering, physical impairment, and vehicle-related damages. Dkt. 7 at 7–8. The court finds instructive the Fifth Circuit's conclusion that "it was not 'facially apparent' that the amount of damages would exceed $75,000" when a complaint "alleged, with little specificity, damages from . . . an injured shoulder, bruises, and abrasions . . . and unidentified medical expenses." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850–51. (5th Cir. 1999). *Compare id. with Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (explaining that a sufficiently high amount in controversy is facially apparent when plaintiffs allege, among other things, "an emergency ambulance trip" and a "six-day stay in the hospital," or back injuries and "permanent disability and disfigurement").

In an effort to overcome the generic nature of the Gogganses' petition, Wilhelmsen latches onto their characterization of the collision as "violent" and of her allegedly unsafe turn at the stop sign as "careless" and "reckless." Dkt. 8 at 4–5. The court does not believe that she has carried her burden merely by pointing to such standard adjectives in a pleading.[3] Nor is the court swayed by Wilhelmsen's attempt to categorize the Gogganses' demand for "$250,000.00 or less" as "a demand for a specific amount of damages." *Id.* at 3 n.3. She makes this attempt primarily in a footnote by quoting *De Aguilar v. Boeing Co.*, a 1995 case in which plaintiffs—in violation of a since-amended[4] version of Rule 47 and in what the court alternately described as an abusive, manipulative, bad-faith, and "bold effort to avoid federal court"—"specifically alleged that their respective damages w[ould] not exceed the jurisdictional amount" when it was facially apparent that they would and when state law did not limit recovery to "the amount specified in the *ad damnum* clause of the state pleading." 47 F.3d 1404, 1407, 1409–13 (5th Cir.

---

[3] Moreover, while "violent" could possibly imply that the resulting injuries would have been severe, "careless" and "reckless," at best, speak to liability and not damages.

[4] Rule 47 did not at that time allow "plaintiffs . . . to plead for a specific amount of damages," *De Aguilar*, 47 F.3d at 1406, but "the Rule was amended in 2013—after *De Aguilar*"—and plaintiffs can now do so, *Durbois*, 37 F.4th at 1059.

1995).[5] Suffice it to say, Wilhelmsen has not proven that that "sort of manipulation . . . has occurred in the instant case." *Id.* at 1411.

\* \* \*

For the foregoing reasons, the court grants the plaintiffs' motion to remand. Dkt. 7. It is ordered that the Clerk shall remand this case to the 10th Judicial District Court of Galveston County.

Signed on Galveston Island this 5th day of August, 2024.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

---

[5] Elsewhere (Dkt. 8 at 9 n.6), Wilhelmsen cites *De Aguilar* for a rule that applies only "if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount." 47 F.3d at 1411. But, as the court has concluded, Wilhelmsen has not made that showing here.